(93 Misc. Rep. 145)

### SPEAR v. ROBINSON et al.

(Supreme Court, Appellate Term, First Department. January 7, 1916.)

ESTOPPEL ☞83—EQUITABLE ESTOPPEL—WHAT CONSTITUTES.

Defendants made a building loan contract, providing that the final payments should be made when the whole building was in operating condition. The builder, being short of money, applied to plaintiff for an advance on the final payment, offering to assign his claim under the contract as security. Defendants represented to plaintiff that only the floors remained to be completed, whereupon the builder assigned the last payment, and defendants, being informed, agreed to make payment to plaintiff as soon as the floors should be laid. *Held*, that in such case defendants, the floors having been laid, were estopped to deny that other work was necessary before the building was completed.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 218, 227–229; Dec. Dig. ☞83.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel H. Spear against Charles A. Robinson, as trustee, and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Wasserman & Erenstoft, of New York City (Frank Wasserman, of New York City, of counsel), for appellant.

Rollins & Rollins, of New York City (Elmer E. Wigg, of New York City, of counsel), for respondents.

BIJUR, J. Defendants had made a building loan contract with one O'Flynn to advance him $1,700 upon the security of a mortgage on a certain house in the town of Highland, Orange county, N. Y.; final installment of $500 to be paid O'Flynn "when the whole building is in operating condition." O'Flynn, being short of money, applied to plaintiff for an advance of this $500, offering to assign his claim for the last installment under the contract as security. Plaintiff's attorney thereupon called upon one Nichols, representing the defendants, substantially explaining this situation to Nichols, and said:

"Mr. O'Flynn has told us that there was a balance due on the building loan contract, and I asked how much. I believe he said $600. I says, 'How much

work remains to be done under that building loan contract?' He says, 'The floors in the stores,' and I said, 'Will you consent to have Mr. O'Flynn sign a receipt showing that he has received all the money he was entitled to under the building loan contract, and then you hold that money for us in escrow until those floors will be completed?' He says, 'Yes.' I then reported that to my client."

Thereupon O'Flynn receipted on the bond for the last payment, and assigned to the plaintiff "the sum of $500 due from defendants as a balance under a contract for a building loan on premises, etc., upon the completion of the buildings in accordance with the terms of said contract." A few days thereafter plaintiff's attorney brought a duplicate of this assignment to Mr. Nichols, who thereupon instructed his bookkeeper, in the attorney's presence, to send a check for the $500 to the attorney "as soon as she had a report that the floors were laid." Plaintiff thereupon paid the $500 to O'Flynn. Plaintiff's attorney further testified that he "relied entirely upon Mr. Nichols' statement as to what was necessary to be done in order to complete the building." Upon proof by plaintiff that the floors had been laid, he sued to recover from defendants the $500 balance under the contract.

Defendants, over plaintiff's objection, proved that the building was not completed in other respects. Plaintiff's objection was based on the theory that defendants were estopped to claim that the building was uncompleted except in respect of the floors in conformity with the statement of Mr. Nichols to plaintiff's attorney. There seems to be no doubt that plaintiff has properly invoked the doctrine of estoppel in this action.

No denial of the testimony of plaintiff's counsel was made at the trial, nor is it now suggested that it was not literally true.

Defendants urge that plaintiff's claim is in some way in contradiction to or in derogation of the terms of a written contract, referring to the assignment given by O'Flynn to the plaintiff which recites that the balance of $500 is to be paid "upon completion of the building in accordance with the terms of said contract." It is not necessary to say anything further in regard to that point than that plaintiff is suing, not in derogation of the terms of that contract, but strictly within its terms. He claims that the building is completed, but claims also that defendants are estopped to deny its completion because of their previous statement as to what remained to be done.

Defendants also contend that there is no room for the application of the doctrine of estoppel here because the statement of defendants' representative was merely "casual," and because, in order to invoke the doctrine, the party appealing to it must not only have been destitute of knowledge concerning the real facts in respect of which the representation has been made, but also without convenient and available facilities for obtaining such knowledge. But it is quite manifest that these two factors were present in the case at bar. Indeed, plaintiff's attorney testified, in answer to the question:

"Q. Did you examine the building before you made this advance to Mr. O'Flynn based on this assignment? A. No, sir. The property is up in Highland Falls. I couldn't."

To characterize the statement upon which the estoppel is predicated as casual would be a violent misnomer. It is difficult to surmise how a statement could be less casual than one made in the course of an important business negotiation by one party in reply to a question of the other upon a point having a manifestly important bearing upon the intended conduct of the inquiring party.

The judgment must therefore be reversed, and, inasmuch as defendants have evidently exposed their entire case and rely purely on the questions of law involved, judgment should be directed in favor of plaintiff, with $30 costs of this appeal and appropriate costs in the court below. All concur.